IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tito Knox, | ) | C/A No. 6:17-2665-HMH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER REGARDING** |
| v. | ) | **AMENDMENT OF COMPLAINT** |
| | ) | |
| David Plowden, *Public Defender*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Tito Knox, proceeding *pro se*, brings this civil rights action. The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint.

**I.      Factual and Procedural Background**

Plaintiff indicates he completed a ten-year term of imprisonment for a firearms offense. He seeks to raise a claim that his civil rights were violated because Defendant, his public defender, did not request a hearing to determine whether he should be found not guilty by reason of insanity pursuant to 18 U.SC. § 4243. He claims this violated his right to due process because he would have served only forty days in prison rather than ten years. He seeks damages for his injuries.

*PJG*

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.     Analysis

In his Complaint, Plaintiff does not specify the cause of action or legal theory upon which he bases his claim for relief, other than to briefly reference his right to due process. But in accordance with the court's duty to liberally construe *pro se* complaints, the court construes its as attempting to assert a cause of action pursuant to 42 U.S.C. § 1983 or Bivens v. Six Unkown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Similarly, in Bivens, the United States Supreme Court established a remedy for plaintiffs alleging constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities.

However, Plaintiff fails to provide sufficient facts to plausibly show the court has jurisdiction over Plaintiff's claims or that Plaintiff is entitled to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's assertion that his due process rights were violated is conclusory and unsupported by facts.

Moreover, state and federal public defenders generally cannot be sued pursuant to 42 U.S.C. § 1983 or Bivens. See Hall v. Quillen, 631 F.2d 1154, 1155 (4th Cir. 1980) (finding no state action under § 1983 even where the plaintiff's attorney was a court-appointed public defender); See Campbell v. North Carolina, No.1:12-CV-719, 2013 WL 2153110, at *2 n.1 (M.D.N.C. May

Page 3 of 5

*PJG*

16, 2013) (collecting cases finding that federal public defenders are not amenable to suit pursuant to Bivens). Plaintiff's allegation against Defendant appears to concern Defendant's judgment as Plaintiff's advocate in a criminal proceeding, and therefore, does not implicate any state action. Nor has Plaintiff plead any facts that would indicate Defendant was acting in a role that has been found to implicate state action in other cases. See e.g. Dodson, 454 U.S. 312, 324-25 (1981) (administrative and investigative functions); Tower v. Glover, 467 U.S. 914, 920 (1984) (conspiracy with state actors).

Additionally, Plaintiff's claim would appeared to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Id. at 487. However, Plaintiff has provided no factual allegations to show that he successfully challenged his conviction. Thus, Plaintiff's claim for damages associated with his conviction would be barred by the holding in Heck.[1]

---

[1] The court notes that Plaintiff is no longer incarcerated. See Wilson v. Johnson, 535 F.3d 262, 268 (4th Cir. 2008) (holding that former prisoners are exempt from Heck's favorable termination requirement if, as a practical matter, they could not seek habeas relief). However, Plaintiff provides no facts to demonstrate that habeas relief was unavailable during the ten years he claims he was incarcerated. See Bishop v. Cty. of Macon, 484 F. App'x 753, 754-55 (4th Cir. 2012) (clarifying that the Wilson exception only applies where a plaintiff can show that circumstances beyond his control left him unable to pursue habeas relief); cf. Greene v. Sterling, Civil Action No.: 5:16-cv-00587-JMC, 2016 WL 2864894, at *2 (D.S.C. May17, 2016) (declining to adopt the magistrate judge's report and recommendation dismissing a former inmate's § 1983 claim that he was wrongfully convicted in a disciplinary proceeding during his four-month incarceration based on the plaintiff's failure to show Heck's favorable termination requirement because plaintiff's limited custodial sentence effectively left him without an adequate remedy at law to address the alleged constitutional infirmities).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. The undersigned is giving Plaintiff **fourteen (14) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[2] If Plaintiff fails to file an amended complaint that corrects those deficiencies, the undersigned will recommend the action be summarily dismissed.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 7, 2017
Columbia, South Carolina

---

[2] Any amended complaint filed by Plaintiff is also subject to initial review by the court pursuant to 28 U.S.C. § 1915.